NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGETTE G. PURNELL, | No. 20-15023 |
| Plaintiff-Appellant, | D.C. Nos.  4:18-cv-01402-PJH |
| v. | 4:18-cv-01404-PJH |
| RUDOLPH AND SLETTEN, INC.; SERVICE WEST, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted April 20, 2021**

Before: THOMAS, Chief Judge, TASHIMA, and SILVERMAN, Circuit Judges.

Georgette G. Purnell appeals pro se from the district court's summary judgment in her employment action alleging violations of Title VII. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Am. Tower Corp. v. City of San Diego*, 763 F.3d 1035, 1043 (9th Cir. 2014). We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Purnell's hostile work environment claim because Purnell failed to raise a genuine dispute of material fact as to whether defendants failed to take adequate corrective action once they had notice of Jones's harassment. *See Swenson v. Potter*, 271 F.3d 1184, 1191-92 (9th Cir. 2001) (an employer cannot be held liable for hostile work environment based on harassment by a co-worker if adequate corrective action is implemented once it has notice of the harassment).

The district court properly granted summary judgment on Purnell's discrimination and retaliation claims because Purnell failed to raise a genuine dispute of material fact as to whether the legitimate, non-discriminatory reasons for defendants' actions were pretextual. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061-62, 1064 (9th Cir. 2002) (burden-shifting framework applies to discrimination and retaliation claims under Title VII; circumstantial evidence of pretext must be specific and substantial).

Purnell's request for judicial notice (Docket Entry No. 2) is granted.

**AFFIRMED.**